IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER B. EILAND, DVM, MS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2005-3:05CV459-M |
| ) | **JURY TRIAL DEMANDED** |
| DR. BYRON L. BLAGBURN, individually ) | |
| and in his official capacity, ) | |
| DR. CHARLES HENDRIX, individually and ) | |
| in his official capacity, DR. JOSEPH JANICKI, ) | |
| individually and in his official capacity, ) | |
| DR. STEPHEN McFARLAND, individually and ) | |
| in his official capacity, DR. ED RICHARDSON, ) | |
| in his official capacity as President of ) | |
| Auburn University, and DR. LAUREN WOLFE, ) | |
| individually and in his official capacity, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes now the Plaintiff, Christopher B. Eiland, DVM, MS ("Eiland"), by and through his attorneys, and files this Complaint against the Defendants Dr. Byron L. Blagburn ("Blagburn"), Dr. Charles Hendrix ("Hendrix"), Dr. Joseph Janicki ("Janicki"), Dr. Stephen McFarland ("McFarland"), Dr. Ed Richardson ("Richardson") and Dr. Lauren Wolfe ("Wolfe"). This action is brought pursuant to the provisions of 42 U.S.C. §1981 and §1983, to redress actions by the Defendants taken pursuant to state law, usage or custom, and to seek interlocutory and permanent relief, and under the provisions of the Constitution and laws of the State of Alabama.

## JURISDICTION

1.  Jurisdiction of the case is permitted under 28 U.S.C. § 1331 because of the existence of federal questions, as well as under 28 U.S.C. § 1343 because of the existence of claims of the

violation of the Plaintiff's civil rights by the Defendants. Jurisdiction of the state law claims is posited under the court's ancillary, or pendent jurisdiction.

## PARTIES

2.    The Plaintiff Christopher B. Eiland, DVM, MS is a Caucasian male of the age of 29 years and is a resident of Gadsden, Alabama. The Plaintiff was a student and an employee of Auburn University at all times relevant to the events alleged herein.

3.    The Defendant, Dr. Byron L. Blagburn, is a professor at Auburn University in the Parasitology Laboratory and was at all times relevant to the events alleged herein, the supervisor of the Plaintiff. The Defendant Blagburn is sued both in his individual capacity and in his official capacity as an officer of Auburn University.

4.    The Defendant, Dr. Charles Hendrix, is a professor at Auburn University in the Parasitology Laboratory and was at all times relevant to the events alleged herein. The Defendant Hendrix is sued both in his individual capacity and in his official capacity as an officer of Auburn University.

5.    The Defendant, Dr. Joseph Janicki, is an Associate Dean at Auburn University in the areas of Research and Graduate Studies and was at all times relevant to the events alleged herein. The Defendant Janicki is sued both in his individual capacity and in his official capacity as an officer of Auburn University.

6.    The Defendant, Dr. Stephen McFarland, is a professor at Auburn University and dean of the graduate school, and was at all times relevant to the events alleged herein. The Defendant McFarland is sued both in his individual capacity and in his official capacity as an officer of Auburn University.

7. The Defendant, Dr. Ed Richardson, is the President of Auburn University in Auburn, Alabama, and is responsible for the administration of the public education programs at Auburn University. At all times relevant to the events alleged herein, Defendant Richardson and his predecessor in office acted under the color of state law, usage or custom. Defendant Richardson is sued only in his official capacity, and references to him in this complaint are intended to include him, as well as his predecessors in office.

8. The Defendant, Dr. Lauren Wolfe, was a professor at Auburn University in the Department of Pathobiology and was at all times relevant to the events alleged herein. The Defendant Wolfe is sued both in his individual capacity and his official capacity as an officer of Auburn University.

## FACTS GIVING RISE TO CAUSES OF ACTION

9. On June 13, 1997, the Plaintiff graduated from Auburn with a Bachelor of Science in Animal and Dairy Science. The Plaintiff remained at Auburn to take upper level science courses so as to prepare for a degree in veterinary medicine.

10. In Spring 1998, the Plaintiff began working at the Parasitology Laboratory at Auburn University College of Veterinary Medicine ("AUCVM") under the supervision of Dr. Byron L. Blagburn.

11. In the Fall of 1998, the Plaintiff entered in the Master of Science ("MS") program under the supervision of Dr. Blagburn. In the Fall 1999, the Plaintiff entered the Doctor of Veterinary Medicine Program ("DVM") at AUCVM.

12. On May 10, 2003, the Plaintiff graduated with a DVM from AUCVM. On August 4, 2003, he graduated with a MS from AUCVM.

13.     In the Fall of 2003, the Plaintiff entered the Ph.D. program under the supervision of Dr. Blagburn. During this semester, Dr. Lauren Wolfe requested that the Plaintiff moderate a sophomore veterinary problem solving group, which he did.

14.     While taking Experimental Statistics under Dr. Nedret Billor, the Plaintiff experienced difficulties. The Plaintiff requested and received an Incomplete with an understanding that he would be allowed to retake the course at a later date.

15.     On December 3, 2003, the Plaintiff was dismissed from the Department of Pathobiology by Dr. Blagburn upon the allegation that the Plaintiff had propositioned a female graduate student to take a statistics examination for him. This allegation was overheard by Dr. Charles Hendrix. The Plaintiff informed Dr. Blagburn that he requested a hearing regarding this allegation. Dr. Blagburn stated that the Plaintiff would be a great parasitologist, just not at Auburn. The Plaintiff's liberty rights in his good name and reputation and the property rights in his employment were infringed upon without due process of law being provided to him under the Federal and State Constitutions.

16.     On December 5, 2003, the Plaintiff spoke with Auburn University professors, Dr. Lauren Wolfe and Dr. Joseph Janicki about Dr. Blagburn's terminating the Plaintiff. The Plaintiff again made a request for a hearing. The Plaintiff also reported to the Provost's office, which in turn denied the Plaintiff assistance regarding his complaint.

17.     On March 4, 2004, Dr. Blagburn asked the Plaintiff to assist him with data for a research article that he was writing, which the Plaintiff did. At this time, Dr. Blagburn stated that he would assist the Plaintiff in finding employment.

18. On May 7, 2004, the Plaintiff was notified that his Incomplete grade would be changed to an F, reflecting a failure. The Plaintiff then sought assistance from Dr. Blagburn in contacting Dr. Billor.

19. On May 28, 2004, the Plaintiff informed Dr. Blagburn that the proper procedure for reporting a violation of cheating had not been followed by the person reporting the allegation. At this meeting Dr. Blagburn stated again that he would assist the Plaintiff with finding employment. Dr. Blagburn further suggested that Dr. Billor could give the Plaintiff a withdrawal instead of the grade of F.

20. On June 12, 2004, the Plaintiff telephoned Dr. Billor and informed her that she should not change his grade as suggested by Dr. Blagburn.

21. On June 17, 2004, Dr. Blagburn telephoned the Plaintiff and inquired as to whether the Plaintiff had unlawfully removed equipment from the laboratory.

22. On July 27, 2004, the Plaintiff mailed letters to the University President, Dean of the College of Veterinary Medicine, Provost and Associate Provost of Academic Affairs, Dean of Graduate School, and the United States Secretary of Education as to the grievances that he had sought but that were not being heard.

23. On August 19, 2004, the Plaintiff received a response from Dr. McFarland stating that the grievance deadlines were not met, no charges were pending, and there was no termination. The Plaintiff held a property interest in his right of access to the University grievance procedure, and was denied that right without a hearing.

24. After the Plaintiff's dismissal, the Defendants, or some of them, contacted or caused to contacted the Alabama Wellness Committee and falsely and maliciously spoke of and concerning the Plaintiff, alleging that the Plaintiff had bipolarism, obsessive compulsive disorder, and showed signs of drug abuse.

25. At all times relevant to the facts as stated herein, the Defendants acted under color of state law, usage, or custom.

### FIRST CAUSE OF ACTION
### DUE PROCESS OF LAW UNDER FEDERAL LAW

26. The Plaintiff realleges and incorporates herein in this First Cause of Action the allegations of Paragraphs 1 through 25 as though they were stated herein in full.

27. The Plaintiff alleges that the actions against him deprived him of liberty and property without procedural and substantive due process of law guaranteed to him in the Fourteenth Amendment to the United States Constitution.

28. The Plaintiff seeks all forms of relief, both equitable and legal, available to him under the Fourteenth Amendment of the United States Constitution through 42 U.S.C. § 1983, including his attorneys fees and costs under 42 U.S.C. § 1988.

### SECOND CAUSE OF ACTION
### DUE PROCESS OF LAW UNDER STATE LAW

29. The Plaintiff realleges and incorporates herein in this Second Cause of Action the allegations of Paragraphs 1 through 25 as though they were stated herein in full.

30. The Plaintiff alleges that the actions against him deprived him of liberty and property without procedural and substantive due process of law guaranteed in Sections 6 and 13 of the Alabama Constitution of 1901.

31.   The Plaintiff seeks all forms of relief, both equitable and legal, available to him under Sections 6 and 13 of the Alabama Constitution of 1901, including his attorneys fees and costs.

### THIRD CAUSE OF ACTION
### PETITION FOR DECLARATORY JUDGMENT
### UNDER STATE LAW

32.   The Plaintiff realleges and incorporates herein in this the Third Cause of Action the allegations of Paragraphs 1 through 25 as though they were stated herein in full.

33.   The Plaintiff claims a right to a declaratory judgment declaring the rights of the parties hereto under *Ala. Code* §6-6-220 *et. seq.*(1975), including all forms of ancillary relief available thereunder.

34.   The Plaintiff seeks injunctive and declaratory relief to which he may be entitled under the allegations of this Complaint, including attorneys fees and costs.

### FOURTH CAUSE OF ACTION
### PETITION FOR A WRIT OF MANDAMUS UNDER STATE LAW

35.   The Plaintiff realleges and incorporates herein in this Fourth Cause of Action the allegations of paragraphs 1 through 25 as though they were stated herein in full.

36.   The Plaintiff alleges that, if he is mistaken as to his right to otherwise bring any cause of action stated herein, he petitions the Court for a Writ of Mandamus under the laws of the State of Alabama, directing the Defendants to remedy the situation existing in this case or to appear and show cause why they should not be compelled to do so.

37.   The Plaintiff seeks injunctive and declaratory relief, attorneys fees and costs to which he may be entitled under the allegations of this Complaint.

## FIFTH CAUSE OF ACTION
## DISCRIMINATION UNDER SECTION 504 OF
## THE REHABILITATION ACT OF 1973

38. The Plaintiff realleges and incorporates herein in this Fifth Cause of Action the allegations of paragraphs 1 through 28 as though they were stated herein in full.

39. The Plaintiff alleges that the actions against him were discriminatory since he was perceived to have a disability. This action is in violation of Section 504 of the Rehabilitation Act of 1973.

40. The Plaintiff alleges that Auburn University receives federal funding and meets the definition of "program or activity" defined in 29 U.S.C. § 794(b)(1)(A).

41. The Plaintiff seeks all forms of relief, both equitable and legal, available to him under, Section 504 of the Rehabilitation Act of 1973. including attorneys fees and costs, as forth in 29 U.S.C. § 794a.

## SIXTH CAUSE OF ACTION
## DEFAMATION UNDER STATE LAW

42. The Plaintiff realleges and incorporates herein in this Sixth Cause of Action the allegations of paragraphs 1 through 25 as though they were stated herein in full.

43. The Plaintiff alleges that the actions against him defamed his character and good name, which is in violation of *Ala. Code* §13A-11-163 (1975).

44. The Plaintiff seeks all forms of relief, both equitable and legal, available to him under *Ala. Code* §13A-11-163 (1975), including attorneys fees and costs.

## SEVENTH CAUSE OF ACTION
## GENDER DISCRIMINATION
## UNDER FEDERAL LAW

45.     The Plaintiff realleges and incorporates herein in this Seventh Cause of Action the allegations of paragraphs 1 through 25 as though they were stated herein in full.

46.     The Plaintiff alleges that the actions against him were discriminatory upon his gender since he was one of the two males among several females and that he was replaced by a female. These actions deprived the Plaintiff of the equal protection guaranteed to him in the Fourteenth amendment to the United States Constitution.

47.     The Plaintiff seeks all forms of relief, both equitable and legal, available to him under the Fourteenth Amendment of the United States Constitution through 42 U.S.C. §1983, including his attorneys fees and costs under 42 U.S.C. §1988.

Respectfully submitted this the 17th day of May, 2005.

_____
Alvin T. Prestwood (PRE004)
Tara S. Knee (KNE003)
William L. Rodgers (ROD016)
Attorneys for the Plaintiff

OF COUNSEL
PRESTWOOD & ASSOCIATES, P.C.
350 Adams Avenue - P.O. Box 1910
Montgomery, AL 36102
Telephone: (334) 264-6401
Facsimile:  (334) 834-4954

## DEMAND FOR JURY TRIAL

The Plaintiff in this cause demands a trial by jury on all issues herein triable by a jury.

_____
Of Counsel