## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

CHRISTOPHER B. EILAND, DVM, MS,   )
                             )
      Plaintiff,                )
                             )
v.                             )
                             )
DR. BYRON L. BLAGBURN, individually )
and in his official capacity, DR. CHARLES )
HENDRIX, individually and in his official )    Civil Action No.
capacity, DR. JOSEPH JANICKI,    )    2005-CV-459-VPM
individually and in his official capacity, DR. )
STEPHEN McFARLAND, individually and )
in his official capacity, DR. ED     )
RICHARDSON, in his official capacity as )
President of Auburn University, and DR.  )
LAUREN WOLFE, individually and in his )
official capacity,

      Defendants.

## ANSWER

Defendants Dr. Byron L. Blagburn ("Blagburn"), Dr. Charles Hendrix ("Hendrix"), Dr. Joseph Janicki ("Janicki"), Dr. Stephen McFarland ("McFarland"), Dr. Ed Richardson, ("Richardson"), and Dr. Lauren Wolfe ("Wolfe") submit the following answer to the Complaint of Christopher B. Eiland, DVM, MS ("Eiland" or "Plaintiff"):

## JURISDICTION

1.     Defendants admit the plaintiff is seeking to invoke the jurisdiction of this Court, but deny any violation of the statutes and laws referenced in the complaint or that they committed any unlawful act with respect to the plaintiff. Defendants further deny this court has jurisdiction over some or all of the plaintiff's state law claims.

## PARTIES

2.      Upon information and belief, Defendants admit the averments of Paragraph 2.

3.      Defendants admit that Dr. Byron L. Blagburn is a professor at Auburn University in the Parasitology Laboratory and was at all times relevant the plaintiff's supervisor. Defendants admit the plaintiff seeks to bring claims against Dr. Blagburn in his individual and official capacities, but deny Dr. Blagburn violated any statute or law referenced in the complaint.

4.      Defendants admit that Dr. Charles Hendrix is a professor at Auburn University in the Pathobiology Department.  Defendants admit the plaintiff seeks to bring claims against Dr. Hendrix in his individual and official capacities, but deny Dr. Hendrix violated any statute or law referenced in the complaint.

5.      Defendants admit that Dr. Joseph Janicki is an Associate Dean at Auburn University in the areas of Research and Graduate Studies.  Defendants admit the plaintiff seeks to bring claims against Dr. Janicki in his individual and official capacities, but deny Dr. Janicki violated any statute or law referenced in the complaint.

6.      Defendants admit that Dr. Stephen McFarland is a professor at Auburn University and Dean of the Graduate School.  Defendants admit the plaintiff seeks to bring claims against Dr. McFarland in his individual and official capacities, but deny Dr. McFarland violated any statute or law referenced in the complaint.

7.      Defendants admit that Dr. Ed Richardson is the Interim President of Auburn University.  Defendants admit that the plaintiff seeks to bring claims against Dr. Richardson in his official capacity, but deny any violation of any statute or law referenced in the complaint. Except as expressly admitted, Defendants deny the remaining averments of Paragraph 7.

8.      Defendants admit that Dr. Lauren Wolfe is a professor in the Department of Pathobiology.  Defendants admit the plaintiff seeks to bring claims against Dr. Wolfe in his

individual and official capacities, but deny Dr. Wolfe violated any statute or law referenced in the complaint.

## FACTS GIVING RISE TO CAUSES OF ACTION

9.      Upon information and belief, Defendants admit the averments of Paragraph 9.

10.     Defendants admit the averments of Paragraph 10.

11.     Defendants admit the averments of Paragraph 11.

12.     Defendants admit the averments of Paragraph 12.

13.     Defendants admit the averments of Paragraph 13.

14.     Defendants lack sufficient knowledge or information to admit or deny the averments of Paragraph 14 and, therefore, deny the same.

15.     Defendants deny the plaintiff was dismissed from the Department of Pathobiology.  Defendants admit that Dr. Blagburn resigned from serving as the plaintiff's advisor on December 3, 2003 for various infractions, including the frequent complaints received regarding erratic or inappropriate behavior by the plaintiff.  Defendants admit that one complaint received regarding the plaintiff involved the allegation that the plaintiff propositioned a female graduate student to take a statistics examination for him.  Defendants admit that Dr. Charles Hendrix was present at the December 3, 2003 meeting and was aware of the allegation regarding the plaintiff's attempt to get another student to take an examination for him.  Except as expressly admitted, Defendants deny the remaining averments of Paragraph 15.

16.     Defendants admit that the plaintiff met with Dr. Joseph Janicki and Dr. Lauren Wolfe about Dr. Blagburn's withdrawal as the plaintiff's advisor.  Defendants deny the plaintiff made a request for a hearing during this meeting.  Defendants lack sufficient knowledge or information to admit or deny the remaining averments of Paragraph 16 and, therefore, deny the same.

17.    Defendants admit that around March 2004, Dr. Blagburn asked the plaintiff to submit a summary of data gathered while the plaintiff worked under Dr. Blagburn's supervision. Defendants admit the plaintiff submitted the requested summary. Although Defendants are not certain of the exact date, Defendants admit that Dr. Blagburn offered to assist the plaintiff in finding employment.

18.    Defendants deny the plaintiff asked Dr. Blagburn to contact Dr. Billor about the "F" he received in Dr. Billor's class. Defendants lack sufficient knowledge or information to admit or deny the remaining averments of Paragraph 18 and, therefore, deny the same.

19.    Although Defendants cannot confirm the date, Defendants admit that at some point Dr. Blagburn offered to assist the plaintiff with finding employment. Defendants deny the remaining averments of Paragraph 19.

20.    Defendants deny the averments of Paragraph 20.

21.    Defendants admit that on a few occasions Dr. Blagburn contacted the plaintiff to inquire whether the plaintiff knew the whereabouts of equipment missing from the laboratory. Except as expressly admitted, Defendants deny the remaining averments of Paragraph 21.

22.    Upon information and belief, Defendants admit the averments of Paragraph 22.

23.    Defendants admit that by letter dated August 17, 2004, Dr. McFarland advised the plaintiff that the grievance deadlines were not met, no charges of academic dishonesty were pending against the plaintiff, and that the plaintiff had not been dismissed or terminated from the Ph.D. program in biomedical sciences. Defendants deny the plaintiff holds a property interest in the right to access the University grievance procedure and deny the plaintiff had a right to a hearing. Except as expressly admitted, Defendants deny the remaining averments of Paragraph 23.

24.    Defendants admit that a report was made to the Alabama Veterinary Professionals Wellness Committee regarding aberrant behavior by the plaintiff.    Defendants deny any falsification or malicious intent with regard to the report to the Alabama Veterinary Professionals Wellness Committee regarding the plaintiff.   Except as expressly admitted, Defendants deny the remaining averments of Paragraph 24.

25.    Defendants admit the averments of Paragraph 25.

## FIRST CAUSE OF ACTION
## DUE PROCESS OF LAW UNDER FEDERAL LAW

26.    Defendants adopt and incorporate their admissions and denials to Paragraphs 1 through 25 above as though fully set forth herein.

27.    Defendants deny the averments of Paragraph 27.

28.    Defendants deny the plaintiff is entitled to the relief requested in Paragraph 28.

## SECOND CAUSE OF ACTION
## DUE PROCESS OF LAW UNDER STATE LAW

29.    Defendants adopt and incorporate their admissions and denials to Paragraphs 1 through 28 above as though fully set forth herein.

30.    Defendants deny the averments of Paragraph 30.

31.    Defendants deny the plaintiff is entitled to the relief requested in Paragraph 31.

## THIRD CAUSE OF ACTION
## PETITION FOR DECLARATORY JUDGMENT
## UNDER STATE LAW

32.    Defendants adopt and incorporate their admissions and denials to Paragraphs 1 through 31 above as though fully set forth herein.

33.    Defendants deny the averments of Paragraph 33 and deny the plaintiff is entitled to the relief requested therein.

34.    Defendants deny the plaintiff is entitled to the relief requested in Paragraph 34.

**FOURTH CAUSE OF ACTION**
**PETITION FOR A WRIT OF MANDAMUS UNDER STATE LAW**

35.    Defendants adopt and incorporate their admissions and denials to Paragraphs 1 through 34 above as though fully set forth herein.

36.    Defendants deny the averments of Paragraph 36 and deny the plaintiff is entitled to the relief requested therein.

37.    Defendants deny the plaintiff is entitled to the relief requested in Paragraph 37.

**FIFTH CAUSE OF ACTION**
**DISCRIMINATION UNDER SECTION 504 OF**
**THE REHABILITATION ACT OF 1973**

38.    Defendants adopt and incorporate their admissions and denials to Paragraphs 1 through 37 above as though fully set forth herein.

39.    Defendants deny the averments of Paragraph 39.

40.    Defendants admit the averments of Paragraph 40.

41.    Defendants deny the plaintiff is entitled to the relief requested in Paragraph 41.

**SIXTH CAUSE OF ACTION**
**DEFAMATION UNDER STATE LAW**

42.    Defendants adopt and incorporate their admissions and denials to Paragraphs 1 through 41 above as though fully set forth herein.

43.    Defendants deny the averments of Paragraph 43.

44.    Defendants deny the plaintiff is entitled to the relief requested in Paragraph 44.

**SEVENTH CAUSE OF ACTION**
**GENDER DISCRIMINATION**
**UNDER FEDERAL LAW**

45.    Defendants adopt and incorporate their admissions and denials to Paragraphs 1 through 44 above as though fully set forth herein.

46.     Defendants admit that a female graduate student was hired into the laboratory after the plaintiff's departure from his position, but deny the selection of the female graduate student was based on any discriminatory motive.  Except as expressly admitted, Defendants deny the remaining averments of Paragraph 40.

47.     Defendants deny the plaintiff is entitled to the relief requested in Paragraph 47.

## DEFENSES

1.     The plaintiff's third and fourth causes of action fail to state a claim upon which relief can be granted.

2.     The plaintiff's claim pursuant to 42 U.S.C. § 1981 is due to be dismissed because 42 U.S.C. § 1983 provides the exclusive federal remedy for the violation of rights guaranteed by 42 U.S.C. § 1981 when the claim is pressed against a state actor.  See Vason v. The City of Montgomery, Alabama, 240 F.3d 905 (11th Cir. 2001).

3.     All of the decisions challenged as discriminatory were undertaken for legitimate, nondiscriminatory, nonretaliatory, nonpretextual reasons.

4.     In the alternative, some or all of the decisions and/or actions taken would have been undertaken even if the plaintiff had not had the protected status alleged.

5.     In the alternative, Defendants did not willfully violate any of the statutes or laws referenced in the complaint.

6.     Upon information and belief, the plaintiff's claim for relief is barred by his failure to mitigate his damages, if any.

7.     The equitable or declaratory relief sought by the plaintiff is barred by the doctrines of estoppel, laches or unclean hands.

8.     Some or all of the claims alleged in the complaint and/or the relief sought are foreclosed because the plaintiff has not done equity.

9.      Some or all of the plaintiff's claims alleged in the complaint are barred by the applicable statute of limitations.

10.      Defendant's actions with respect to the plaintiff were taken in good faith.

11.      To the extent the complaint seeks punitive damages against any defendant in his official capacity, such relief is barred by the Alabama statute precluding the imposition of punitive damages.  Ala. Code § 6-11-26.

12.      The punitive damages sought by the plaintiff, if any, are unconstitutional under the Excessive Fines clause of the Eighth Amendment and the Due Process clause of the Fifth Amendment to the United States Constitution.  Plaintiff's claims for punitive damages are barred further because the acts, if any, and omissions, if any, of Defendants, which are specifically denied, fail to rise to the level required to sustain a reward of punitive damages; were trivial and isolated; were not motivated by evil intent or discriminatory intent to intent to harm; do not evidence a malicious, known, oppressive, or fraudulent intent to deny plaintiff his protected rights or to harass or otherwise discriminate against the plaintiff; and were not so wanton and willful to support an award of punitive damages.

13.      The amount of any damage award the plaintiff might recover on his Rehabilitation Act claim is subject to the damage caps under 42 U.S.C. § 1981 a(B)(3).

14.      Plaintiff received any and all process that was due under the circumstances.

15.      On any state law claims, the Defendants in their official capacities are entitled to the absolute immunity provided by Article I § 14 of the Constitution of Alabama of 1901.

16.      Claims based on 42 U.S.C. § 1983 against the Defendants in their official capacities may be pursued only for prospective injunctive relief.

17.     Each of the Defendants in their official capacities is entitled to the immunity provided by the Eleventh Amendment to the Constitution of the United States.

18.     Each of the individual Defendants is entitled to qualified or substantive immunity under both federal and state law, with respect to any claim for monetary damages.

19.     Pursuant to Ala. Code § 34-29-111(e), Defendants are immune from liability for any alleged conduct related to the discharge of any duties related to the purpose of the Alabama Veterinary Professionals Wellness Committee, or the participation in any administrative or judicial proceeding resulting therefrom.

20.     The plaintiff has no property or liberty interest in employment.

21.     The plaintiff has suffered no deprivation of a constitutionally protected property or liberty interest.

22.     The plaintiff was not a qualified individual with a disability as defined under the Rehabilitation Act of 1973.

23.     The plaintiff was not perceived as disabled.

24.     Plaintiff's claim for defamation is barred because any statements made by Defendants were privileged.

25.     Plaintiff's claim for defamation is barred because any statements made about him were the opinions of the statement maker(s).

26.     Plaintiff's claim for defamation is barred because he failed to plead damages with specificity.

27.     Any alleged defamatory statements made by Defendants were truthful.

28.     Defendants deny each and every material allegation of the complaint which is not specifically alleged herein, and demand strict proof thereof.

29.     Defendants reserve the right to amend this Answer to raise any additional defenses that may become available during the discovery process.


/s/ David R. Boyd
One of the Attorneys for Defendants

**OF COUNSEL:**

David R. Boyd (BOY005)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Lee F. Armstrong (ARM005)
General Counsel
Auburn University
101 Samford Hall
Auburn, Alabama  36849


**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and U.S. Postal Service, postage pre-paid and service will be perfected upon the following on this the 22nd day of June, 2005:

Alvin T. Prestwood
Tara S. Knee
William L. Rodgers
PRESTWOOD & ASSOCIATES, P.C.
350 Adams Avenue – P.O. Box 1910
Montgomery, AL  36102-4660


/s/ David R. Boyd
Of Counsel