IN THE UNITED STATES DISTRICT COURT

__Middle__ DISTRICT OF __Alabama__

**CHRISTOPHER B. EILAND, DVM, MS,**
v.
**DR. BYRON L. BLAGBURN, et al.**

**BILL OF COSTS**

Case Number: 2005-CV-459-VPM

RECEIVED
2007 OCT 17 A 10: 50
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Judgment having been entered in the above entitled action on __October 5, 2007__ against __Christopher B. Eiland__, the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk............................................................................................................ | $ |
| Fees for service of summons and subpoena....................................................................... | |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | 2,255.05 |
| Fees and disbursements for printing ................................................................................ | |
| Fees for witnesses (itemize on reverse side) ..................................................................... | |
| Fees for exemplification and copies of papers necessarily obtained for use in the case ..... | 10.80 |
| Docket fees under 28 U.S.C. 1923 ................................................................................... | |
| Costs as shown on Mandate of Court of Appeals............................................................. | |
| Compensation of court-appointed experts......................................................................... | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828.......... | |
| Other costs (please itemize) Outside Courier Services...................................................... | |
| TOTAL $ | 2,265.85 |

SPECIAL NOTE: Attach to your bill as itemization and documentation for requested costs in all categories.

**DECLARATION**

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to:

All counsel of record as indicated by the Certificate of Service filed contemporaneously herewith.

Signature of Attorney: _G. Lane Knight_

Name of Attorney: G. Lane Knight, Balch & Bingham LLP, P.O. Box 78, Montgomery, AL 36101

For: Dr. Byron L. Blagburn, Dr. Charles Hendrix, Dr. Joseph Janicki, Dr. Stephen McFarland, Dr. Ed Richardson and Dr. Lauren Wolfe
Name of Claiming Party

Date: October 17, 2007

Costs are taxed in the amount of _____ and included in the judgment.

_____  By: _____  _____
*Clerk of Court*           *Deputy Clerk*                *Date*

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Days | Total Cost | |
| | | | | | | | |
| | | | | | | TOTAL | |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54(d)
"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
"Entry of the judgment shall not be delayed for the taxing of costs."

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing party with a copy of the above and foregoing Bill of Costs by placing a copy of same in the United States Mail, first class postage prepaid, and properly addressed to the following:

Kathryn Dickey, Esquire
322 Alabama Street
Montgomery, Alabama 36104

This the 17th day of October, 2007.

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER B. EILAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE No. 3:05-cv-459-WKW |
| | ) |
| BYRON L. BLAGBURN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**AFFIDAVIT OF LANE KNIGHT
IN SUPPORT OF DEFENDANTS' BILL OF COSTS**

Personally appeared before the undersigned officer, duly authorized by law to administer oaths, Lane Knight, who, having been sworn, states, pursuant to 28 U.S.C. § 1924, as follows:

1. I am an attorney with the law firm of Balch & Bingham LLP, counsel for defendants Dr. Byron Blagburn, Dr. Charles Hendrix, Dr. Joseph Janicki, Dr. Stephen McFarland, Dr. Ed Richardson and Dr. Lauren Wolfe (hereinafter collectively referred to as "Defendants") in the above-styled matter. I have personal knowledge of the facts stated in this Affidavit, and I am of legal age and under no legal disability. I am filing this Affidavit with the Court in support for Defendants' Bill of Costs, which is filed simultaneously herewith.

2. On October 5, 2007, the United States District Court for the Middle District of Alabama entered judgment in favor of Defendants on all claims in the above-referenced case and ordered that Defendants be awarded costs.

3. Pursuant to an Order of this Court, *Federal Rule of Civil Procedure* 54(d), and 28 U.S.C. § 1920, Defendants, as the prevailing party, are now entitled to recover their costs incurred in this litigation.

186647.1

4.   Defendants have on this day filed a proper Bill of Costs, duly verified by me as counsel for Defendants, requesting $2,265.85 in total costs incurred by them in this litigation. *See* Exhibit A, attached hereto. These requested costs are detailed as follows:

   A.   Defendants seek $2,255.05 in court reporter fees for transcribing and producing copies of transcripts of the necessary depositions conducted in this case. *See* Exhibit A, Part 1.

   B.   Defendants seek $10.80 in costs and fees for exemplification and copies of papers necessarily obtained for use in the case. *See* Exhibit A, Part II.

5.   Under my direction, Balch & Bingham's Accounting Department and my legal assistant, Dianne Early, assembled the documents and information underlying Defendants' Bill of Costs. I have reviewed this information, and I have personal knowledge of the items claimed therein. The attachments hereto are true and correct itemizations of the costs claimed in Defendants' Bill of Costs.

6.   To the best of my knowledge, each item contained and claimed in Defendants' Bill of Costs and described herein is correct and is an actual amount incurred or expended by Defendants in defending this case. Each of these costs was absolutely and necessarily required and was reasonably incurred in the representation of Defendants and, as such, these costs should be awarded to Defendants.

7.   Pursuant to *Federal Rule of Civil Procedure* 54(d), Defendants should be granted their costs as described above and as sought by their contemporaneously filed Bill of Costs in the full amount of $2,788.20.

Further Affiant sayeth not.

Respectfully submitted this the 17th day of October, 2007.

_____
G. LANE KNIGHT

SWORN TO and SUBSCRIBED before me on this 17th day of October, 2007.

{SEAL}

_____
Diane P. Early
Notary Public

My Commission Expires: 5/9/2011

186647.1                                3